Otis Company *vs.* Richard Condon.
Richard Condon *vs.* Otis, Inc. *et al.*

MARCH 28, 1961.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Paolino, J. These actions involve an employer's petition to review a final decree awarding compensation for total incapacity and an employee's petition to adjudge the employer and its insurance carrier in contempt on the ground that the decree ordering compensation payments had not been properly suspended. In each case the petition is before us on the employee's appeal from a final decree of the full commission.

Since we are treating both petitions in one opinion we believe it will be helpful throughout to refer to the parties as employer and employee rather than as petitioner or respondent. We shall discuss first Equity No. 2874, the employee's petition to adjudge his employer and its insurance carrier in contempt.

On August 28, 1956, while employed by the employer as a stone setter, the employee sustained a compensable injury diagnosed as a fracture of the left tibia. Thereafter he filed an original petition for benefits under the act. Said petition is numbered W.C.C. No. 4714. It appears from the record that on March 29, 1957 and July 1, 1957 decrees were entered by the commission in W.C.C. No. 4714 ordering the employer to pay him compensation for total incapacity at the rate of $32 per week from August 28, 1956 until suspended, terminated or modified in accordance with the act.

On February 25, 1958 the employer filed a petition, Equity No. 2735 (W.C.C. No. 7030), to review the decrees entered on March 29 and July 1, 1957 in W.C.C. No. 4714 on the ground that the employee's incapacity had diminished or ended. The petition prays for an order diminishing or discontinuing the payments ordered in said decrees. On April 30, 1958 the trial commissioner, after hearing, entered a decree denying and dismissing the petition on the basis of his finding that the employee continued to remain totally incapacitated as a result of his injury.

The employer's appeal to the full commission from such decree was subsequently sustained by a final decree entered by the commission on August 22, 1958. Said decree contained an express finding of fact that the employer had established by a fair preponderance of the evidence that the employee's incapacity for work due to the injury in question had ended. It also contained an order providing that the employer's appeal be sustained and that the decree appealed from be reversed, but it does not contain a mandate ordering the suspension of the compensation payments pre-

viously ordered in the March 29 and July 1, 1957 decrees in W.C.C. No. 4714. While the employee's appeal from the decree of the full commission in W.C.C. No. 7030 (Equity No. 2735) was pending in this court, he apparently discovered the clearly inadvertent omission of a mandate in said decree and consequently filed the instant petition to adjudge in contempt.

At the hearing before the trial commissioner the decrees in W.C.C. No. 4714, and the decree of the trial commissioner and the August 22, 1958 decree of the full commission in W.C.C. No. 7030 were put in evidence. It was stipulated that the employer had made no payments to the employee since the entry of the August 22, 1958 decree. After hearing, the trial commissioner found that the employer and its carrier were not in contempt and the decree denying and dismissing said petition was subsequently, on the employee's appeal, affirmed by the full commission.

The employee contends that on the basis of the evidence before the commission it erred in failing to find the employer and its carrier guilty of contempt. The issue before us is very narrow and poses the question whether the absence of a mandate in the decree in question renders it totally invalid with respect to suspending the payments ordered in the prior decrees of March 29 and July 1, 1957 in W.C.C. No. 4714, notwithstanding the finding of fact that the employee's incapacity for work had ended.

It is clear that the order suspending compensation payments, which would logically and naturally follow a finding that the employee's incapacity for work had ended, was inadvertently omitted from the decree. The employee contends that, lacking such mandate, the decree was fatally defective and that consequently the previous decree ordering the payment of compensation remained in effect. We agree with the employee's statement that the procedure in workmen's compensation cases follows the practice in equity and that equity speaks only through its decrees. See

*Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97, 102. However we believe that the circumstances in the instant case differ materially from those in *Brown & Sharpe Mfg. Co.* v. *Giacoppa,* 69 R. I. 378, and the cases cited therein.

The employer in the instant case did nothing extrajudicial on its own. In the circumstances of this case, notwithstanding the general rule, we believe that there is a compelling reason for giving the employer the benefit of the express finding that the employee's incapacity for work had ended and that consequently his right to further compensation had in fact ceased. For these reasons we have concluded that the commission did not err in refusing to find the employer and its carrier guilty of contempt. We believe that justice requires that the workmen's compensation commission be directed to correct the decree in W.C.C. No. 7030 by eliminating the reference to "preliminary agreement" and by adding a mandate suspending the payments of compensation ordered in the decrees in W.C.C. No. 4714.

We shall now consider Equity No. 2735, the employer's petition to review the decrees in W.C.C. No. 4714 awarding the employee compensation for total incapacity. As we have already stated the instant petition is before this court on the employee's appeal from the decree of the full commission entered in W.C.C. No. 7030 on August 22, 1958. He contends that said decree is against the law, the evidence and the weight thereof. He bases his entire case on his claim that he is physically unable to travel to and from any place of employment because of his injury and that consequently his incapacity for work has not ended.

The employee admits that he is able to do his regular work as a stone setter. He stated he could do such work if he had a bench at home. However, he testified that he could not, without discomfort and pain, do the walking necessary to go to and from a place of employment. His attending physician, Dr. Walter J. Molony, testified that he

would not advise him to do so; that it would be painful; and that he would have a rough time doing it. On the other hand, Dr. Henry B. Fletcher testified that in his opinion the employee had made an outstanding recovery and that he was physically able to do such walking.

Whether the employee could go to and from his home to a place of employment is clearly a fact question. The evidence on this issue is in direct conflict. But there is evidence in the record which would support a finding that the employee was physically able to do the walking necessary to travel to and from a place of employment. Although the commission did not expressly so find it appears from its decision that such a finding is implicit in its conclusion that the employer had established by a fair preponderance of the evidence that the employee's incapacity for work due to the injury in question has ended.

Under our act it is the duty of the full commission, when a case is appealed to it, to weigh the evidence and to decide the case according to the fair preponderance of the evidence. General laws 1956, §28-35-28. *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297. There is no merit in the employee's contention that there is no evidence in the record to sustain the commission's ultimate finding. The decree is supported by the evidence and cannot therefore be disturbed by this court on the grounds urged by the employee. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 342.

The employee's appeal in each case is denied and dismissed, each decree appealed from is affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Fernand J. St. Germain, Vincent J. Chisholm,* for Otis Company.

*Thomas H. Needham,* for Richard Condon.