264 A.2d 317.

WARDWELL BRAIDING MACHINE COMPANY *vs.* CARLO C. IMONDI.

APRIL 16, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

20

JOSLIN, J. This is an employer's petition to review a preliminary agreement which provided for the payment of compensation for total incapacity. The petition alleges that the employee's incapacity for work has ended and that he is able to return to light selected work. A decree of the trial commissioner modified the prior preliminary agreement between the parties and directed the employer to pay weekly compensation benefits for partial, rather than total, incapacity. The case is here on the employee's appeal from a decree of the full commission affirming the trial commissioner's decree.

The employee while employed as a floorman became totally incapacitated by reason of a compensable injury sustained on May 13, 1966. Soon thereafter he and his employer entered into a preliminary agreement providing for the payment of weekly compensation of $45 for the duration of his total incapacity. By October of 1968 the employee had recovered sufficiently from his injuries so that his attending physician recommended he seek light work. The employer then filed this petition, and on December 17, 1968, a consent decree was entered. That decree found as a fact that the employee was then partially, rather than totally, incapacitated, directed him to make a bona fide attempt to obtain employment which he was able to perform, and ordered the employer to continue to pay weekly compensation of $45. In addition, the decree continued the petition for further hearing to January 20,

1969, on which date the employee was directed to appear and to give testimony concerning his attempts to find work.

Two hearings were then held, one in January and the other on February 28, 1969. Each was devoted primarily to ascertaining what attempts the employee had made to obtain work. The record of those hearings discloses that the employee's job-seeking efforts during the more than two months which intervened between the consent decree and the second hearing consisted only of his making random inquiries at ten different establishments about the possibility of finding work. Nine of the inquiries were unproductive; the tenth resulted in his obtaining part-time employment as a barber. That employment was voluntarily terminated when, after about an hour's work, the employee found that he was unable to stand on his feet.

On the basis of the foregoing testimony—and there was none other of substance that was material to the ultimate issue—the trial commissioner found that the employee had not made a bona fide attempt to find suitable work within his ability to perform. Accordingly, he reduced from total to partial the weekly compensation benefits payable under the preliminary agreement, and on review the full commission affirmed.

The decisive issue before the Workmen's Compensation Commission was whether the employee was honest, sincere, and diligent in his attempts to find employment within his capacity to perform. *Perry's Heating Service* v. *Cashman,* 104 R. I. 75, 79, 241 A.2d 823, 826; *Laganiere* v. *Bonte Spinning Co.,* 103 R. I. 191, 193, 236 A.2d 256, 257. While the employee acknowledges that this is so, he argues that the trial commissioner's determination of the "good faith" issue was contrary to the facts established in the case and that it, therefore, lacked a sound evidentiary basis. In support of that assertion he refers to

the trial commissioner's statement[1] that a lack of good faith was demonstrated by the employee's failure to find work as a barber. That statement, he says, completely ignores the uncontradicted and unimpeached testimony that, in his search for work, he in fact found part-time employment as a barber. This variance between the established fact and what the trial commissioner mistakenly believed to be the facts makes it obvious, the employee concludes, that the ultimate finding of no good faith was so inextricably tied to a nonexistent factual premise as to deprive it of a valid evidentiary foundation.

The thrust of the employee's argument is directed to the trial commissioner's findings, and was therefore more properly addressable to the full commission. That body, and not this court, hears appeals from decrees of a trial commissioner. G. L. 1956 (1968 Reenactment) §28-35-28. In considering those appeals, it examines and weighs the evidence, draws its own inferences, makes its own findings of facts, and decides whether the evidence preponderates in favor of or against a trial commission's decree. *United States Rubber Co.* v. *Curis,* 101 R. I. 627, 631, 226 A.2d 410, 413; *Otis Co.* v. *Condon,* 92 R. I. 384, 388, 169 A.2d 5, 7; *Sorafine* v. *York Decorators Co.,* 90 R. I. 374, 378, 158 A.2d 264, 266; *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, 302, 116 A.2d 188, 191.

Here the full commission, when it passed on the employee's appeal, had before it a transcript of the proceedings at the trial commissioner level as well as the reasons upon which the employee grounded his appeal. Those reasons included the specific claim that the trial commissioner had overlooked the evidence of the employee's ef-

---

[1] In his decision, the trial commissioner said:

"I was not impressed with the desire of this employee to find work. I do not believe that he made a bona fide attempt. He has been a barber in the past. It would seem that he would be able to do work of this sort, at least on a part-time basis."

forts to find work in the barbering field. Notwithstanding that claim, the commission concluded that the weight of the evidence clearly established that the employee had not made "a conscientious bona fide attempt to obtain employment."

It is, of course, true that the full commission in resolving the "good faith" issue observed that the trial commissioner had not been impressed by the employee or his desire to find work. That impression, as we have already observed, rested at least in part upon the trial commissioner's erroneous belief that the employee had not sought work as a barber. It does not necessarily follow, however, that the full commission also misconceived the evidence. Even though it commented upon the trial commissioner's impression, a fair reading of the commission's decision in its entirety satisfies us that its ultimate conclusion, that the employee had not made "a conscientious bona fide attempt to obtain employment," hinged upon its own consideration of all of the testimony in the case, rather than upon the trial commissioner's faulty impression.

It may well be that on the uncontroverted facts the full commission could have concluded otherwise on the "good faith" question if it had attached greater significance to the employee's one hour of employment as a barber. That it might have found otherwise, however, is not crucial at this point in the proceedings. What is important for our purposes on review is not how the commission found, but whether the record fairly and logically yields to the inference that it drew. *Lima v. Haskell Mfg. Co.*, 100 R. I. 312, 316, 215 A.2d 229, 231. In our judgment this record is reasonably susceptible to the inference that the employee did not demonstrate his good faith. That finding became a fact in the case, and, in the absence of fraud, it is conclusive upon us. *Dziekiewicz v. George Arpin & Sons*, 105 R. I. 549, 552, 254 A.2d 76, 78; *Madeira v. Paw-*

*tucket Housing Authority,* 105 R. I. 511, 513, 253 A.2d 237, 238.

The respondent's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Carroll, Kelly & Murphy, C. Russell Bengtson,* for petitioner.

*Swan, Keeney & Jenckes, Henry M. Swan,* for respondent.