308 A.2d 500.
## PAUL F. MORETTI *vs.* TURIN, INC.

AUGUST 15, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

DORIS, J. This is an employee's petition to review a preliminary agreement alleging that the employee's incapacity for work had increased from partial to total in-

capacity due to injuries previously suffered during his course of employment with the respondent. At the time the petition was filed the petitioner was receiving partial disability benefits under the terms of the aforementioned preliminary agreement. The trial commissioner found in favor of the employee and granted the relief sought. Thereupon, the respondent appealed and the full commission vacated the award of the trial commissioner, and entered a decree denying and dismissing the petition. The case is before us on the petitioner's appeal from the decree of the full commission denying him total disability compensation from March 13, 1972.

The record discloses that petitioner in the case at bar was employed as a tool setter by respondent, Turin, Inc., a jewelry manufacturer. On November 25, 1967, while in the course of his employment, a press hammer, upon which petitioner was working, dropped onto his hand, causing what was described in the preliminary agreement as an "Amputation of distal phalanx middle finger, right and compound fracture distal phalanx index finger right." Thereafter, by decree, entered on May 27, 1969, the nature and description of the injuries were amended to include "injury to cervical area."

The parties entered into a preliminary agreement on December 28, 1967, under which benefits were paid to petitioner for total incapacity until May 11, 1970, at which time the parties entered into a supplemental agreement providing for the payment of benefits for partial incapacity. In December 1970, petitioner returned to work for respondent but was unable to continue. The petitioner has been receiving benefits for partial incapacity since May 1970.

In his original petition dated October 4, 1971, and heard before the trial commissioner on May 30, 1972, petitioner alleged that commencing July 31, 1971, he had been totally

incapacitated for work and sought benefits accordingly. When the petition was first brought before the trial commissioner, a pre-trial conference was held and as a result of that conference Dr. Edward Spindell, an orthopedic surgeon, was appointed as an impartial medical examiner. Doctor Spindell subsequently examined petitioner on December 3, 1971 and concluded that petitioner could perform work which did not require excessive reaching, pulling or pushing with his arms and that petitioner was only partially incapacitated for work.

When the hearing commenced, Dr. Spindell's report was admitted into evidence. Neither party requested that Dr. Spindell be brought in for cross-examination. In addition to this report the trial commissioner admitted into evidence the report and testimony of Dr. Thomas L. Greason, a neuropsychiatrist, said evidence being offered by petitioner. It was Dr. Greason's opinion that petitioner was totally incapacitated for work by reason of (a) an anxiety state which aggravated the petitioner's pre-existing ulcers; (b) weakness of the employee's right hand caused by the amputation of the middle and index fingers; and (c) a cervical disc. It was also the opinion of Dr. Greason that these disabilities were related to petitioner's accident of November 25, 1967. In addition, the petitioner himself testified that he was and had been unable to work.

The trial commissioner adopted the testimony of Dr. Greason and concluded that petitioner, as of March 13, 1972, had a return of total incapacity, caused by and related to his injury of November 25, 1967. A decree was thereupon entered awarding total compensation in accordance with the Workmen's Compensation Act, from March 13, 1972. On June 14, 1972, respondent filed a timely claim of appeal from this decree to the full compensation commission. The full compensation commission weighed the evidence independently and concluded that a pre-

ponderance of the evidence did not support petitioner's claim. They predicated this conclusion, in effect, on a finding that Dr. Spindell, being an orthopedic surgeon, possessed greater expertise on the issue of petitioner's injuries than did Dr. Greason, an admittedly qualified neuropsychiatrist.

The reasons of appeal which petitioner has advanced in this court are that the decision and decree of the full commission are against the law and the evidence and the fair preponderance thereof, in that the full commission ignored the testimony of the witness, Dr. Thomas L. Greason, and the testimony of petitioner; and that the full commission had no right to weigh the evidence independently and reverse the findings of the single commissioner.

In advancing this latter argument petitioner in effect is contending that the Legislature, when it enacted G. L. 1956 (1968 Reenactment) §28-35-28, did not intend to give the full commission authority to overrule the trial commissioner on questions of fact. We do not find this argument to be persuasive. It is well settled in this jurisdiction that in considering appeals from decrees of a trial commissioner the full commission examines and weighs the evidence, draws its own conclusions, makes its own findings of fact, and decides whether the evidence preponderates in favor of or against a trial commissioner's decree. *Wardwell Braiding Machine Co.* v. *Imondi,* 107 R. I. 19, 264 A.2d 317 (1970); *United States Rubber Co.* v. *Curis,* 101 R. I. 627, 226 A.2d 410 (1967); *Otis Co.* v. *Condon,* 92 R. I. 384, 169 A.2d 5 (1961); *Sorafine* v. *York Decorators Co.,* 90 R. I. 374, 158 A.2d 264 (1960); *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, 116 A.2d 188 (1955). The full commission, consequently, is at liberty to make its own findings of fact and is not bound to adopt any finding in the trial commissioner's decree when such decree has been appealed from on the ground that it is

against the evidence and the weight thereof. *Sorafine* v. *York Decorators Co., supra.*

We likewise find no merit in the petitioner's argument that the full commission erred in rejecting testimony of the petitioner; that is their right. They were also clearly within their right in rejecting the testimony of Dr. Greason, relying as they did on competent testimony to the contrary by Dr. Spindell, the impartial medical examiner. The only issue before this court is whether or not there is evidence in the record, albeit controverted, to support and justify the decree of the full commission. *Jernquist* v. *Union Tool Co.,* 109 R. I. 304, 284 A.2d 467 (1971); *Chmielewski* v. *R. I. Diesel Service, Inc.,* 99 R. I. 574, 209 A.2d 451 (1965); *Pimental* v. *S. Rubin, Inc.,* 92 R. I. 346, 168 A.2d 463 (1961). We are of the opinion that the report of Dr. Spindell reasonably supports the findings of the full commission.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

Mr. Justice Joslin did not participate.

*Abatuno & Chisholm, Vincent J. Chisholm, David H. Leach,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Robert W. Lovegreen,* for respondent.