440

Beverly MILLER

v.

**AMERICAN AIRLINES, INC.**

**No. 89–319–M.P.**

Supreme Court of Rhode Island.

Nov. 13, 1990.

Bernard W. Boyer, Boyer, Reynolds & DeMarco, Providence, for plaintiff.

Diane E. Pearson, Gunning, LaFazia & Gnys, Inc., Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the petition for certiorari of American Airlines, Inc. (employer), to review a final decree of the Appellate Commission of the Workers' Compensation Commission which awarded to Beverly Miller (employee) benefits for partial disability from October 19, 1987, and continuing as a result of a recurrence of a back injury sustained November 6, 1969. We affirm the final decree of the Appellate Commission. The facts of the case as set forth in the findings of the Appellate Commission are as follows.

The employee sustained a back injury on November 6, 1969, at a time when she was employed as a ticket agent by employer. A preliminary agreement executed in December of 1969 provided benefits for total incapacity. The employee's employment in 1969 as a ticket agent required continuous standing when checking in passengers, selling tickets, and transporting baggage (that is, lifting baggage when presented at the counter and transferring it onto a movable belt). Thereafter, employee resumed her employment but later encountered recurrence of her back injury on August 5, 1978. This recurrence resulted in a consent decree providing for total disability benefits from August 5, 1978, to August 25, 1978.

In 1983 employee was transferred to package services and later to another assignment in operations that required no lifting. During this time she was transferred to Florida. However, she sustained a recurrence of her back injury on October 18, 1987, remaining out of work until November 3, 1987. She then returned to her employment until December 17, 1987. At that point she was informed by her employer that she could not continue her employ-

ment until she presented satisfactory medical reports from her attending physician. The Appellate Commission found that employee thereafter presented several reports from her attending physician, but these reports were deemed unacceptable by employer.

Although she has been ready, willing, and able to return to her most recent assignment, apparently employer has refused to permit her return to employment pending receipt of a satisfactory medical report, the full requirement of which is not clear from this record. At oral argument counsel for employer stated that she was not allowed to return to her most recent employment "for administrative reasons." The uncontradicted medical testimony from employee's physician was to the effect that she could not lift weights greater than twenty to twenty-five pounds nor could she push or pull weights greater than thirty to forty pounds.

Relying upon the uncontradicted evidence of the recurrence of the injury, the testimony of the attending physician, and the inability of employee to return to her pre–1969 employment, the Appellate Commission found:

> "(1) That the employee sustained a recurrence of her November 6, 1969 back injury on October 18, 1987.
>
> "(2) As a result of said recurrence, the employee became partially disabled on October 19, 1987, and continues so to be."

As a consequence of these findings, the final decree ordered continued payment of compensation and modified the decree of the trial commissioner, which had awarded compensation only for a closed period ending November 3, 1987.

In opposition to the Appellate Commission's final decree, employer argues that the commission did not comply with *Davol, Inc. v. Aguiar,* 463 A.2d 170 (R.I. 1983), which requires that when the commission reviews findings based upon determinations of credibility, it must first find the trial commissioner clearly wrong before applying the de novo standard of review suggested in *Moretti v. Turin, Inc.,* 112 R.I. 220, 308 A.2d 500 (1973).

In the case at bar *Aguiar* is of no assistance to employer. In this case the evidence upon which the Appellate Commission relied is uncontradicted. Both the trial commissioner and the Appellate Commission gave full credence to the testimony of employee and her physician. There was no credibility determination in issue. Consequently the Appellate Commission was entitled to utilize the de novo standard of review. *See Hicks v. Vennerbeck & Clase Co.,* 525 A.2d 37, 41–42 (R.I.1987).

In respect to our review of the Appellate Commission's findings of fact, we are bound by these findings as long as legally competent evidence exists in the record to support them. *Id.* at 41; *Quintana v. Worcester Textile Co.,* 511 A.2d 294, 295 (R.I.1986). In the case at bar, not only is there competent evidence to support the Appellate Commission's findings, but all the uncontradicted evidence militates in favor of these findings. There was no shifting of the burden of proof to employer.

Workers' compensation benefits are paid not for physical disability resulting from an injury, but for loss of earning capacity flowing from an injury. *Walker v. Kaiser Aluminum & Chemical Corp.,* 119 R.I. 581, 585, 382 A.2d 173, 176 (1978). In the instant case the employee is unable by virtue of her disability to resume her pre–1969 employment. The employer, for reasons best known to itself, prevented the employee from resuming her most recent employment, which would apparently be within her capability. Consequently the findings and conclusions of the Appellate Commission awarding her compensation from October 1987 and continuing are correct.

For the reasons stated, the petition for certiorari is denied and dismissed. The writ heretofore issued is quashed. The final decree of the Workers' Compensation Appellate Commission is affirmed. The papers in the case may be remanded to the

Workers' Compensation Commission with our decision endorsed thereon.