Luigi Natalizia *vs.* Atlantic Tubing & Rubber Co.

MAY 21, 1954.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an original petition for workmen's compensation.   It is here on the respondent's appeal from a decree of the superior court granting the petitioner compensation for total incapacity from August 4, 1952 to February 16, 1953, and for partial incapacity thereafter to February 24, 1953.

The trial justice based his findings of total and partial incapacity on the testimony of Dr. Maurice L. Silver and on the report of Dr. Ernest D. Thompson which petitioner introduced in evidence as an exhibit. Doctor Thompson was appointed by the chief of the division of workmen's compensation in the department of labor as an impartial medical examiner in accordance with public laws 1950, chapter 2604. He examined petitioner December 8, 1952 and thereafter filed his written report in which he stated that petitioner was suffering from a "Protruding disc at the right lumbosacral region causing root irritation at the right low back, resulting in right lumbosacral and leg pain and sensory disturbances." He expressed the opinion in such report that petitioner "is totally disabled, at this time."

Doctor Silver first saw petitioner January 8, 1953. He testified that after an examination he sent him to Miriam Hospital January 23 where he received lumbar traction treatment and submitted to a lumbar myelography and was discharged January 29, 1953. He further testified that he diagnosed petitioner's condition as a "lumbosacral strain with right sciatic neuritis" and that in his opinion he was totally disabled when he was admitted to the hospital. However, when he examined him again on February 16, 1953 he felt that he could return to light work with no heavy lifting if he wore the lumbosacral support which had been prescribed. Thereafter on February 24, 1953 petitioner returned to his old job but did no lifting, and he was able to earn wages as great or greater than before he sustained his injury. Doctor Silver examined him again in May 1953 and found that although he continued "to fatigue" after a day's work he seemed capable of doing his old job except for heavy lifting.

Doctor Louis J. Cella treated petitioner from August 11, 1952 to January 8, 1953. He testified that he had a back strain and possibly a ruptured disc and that it was so acute he could not do any kind of work. The trial justice referred

to that testimony but apparently did not rely upon it in reaching his decision. It appears from his decision that he relied solely on Dr. Silver's testimony and Dr. Thompson's report. He also referred to the fact that there was a mass of other testimony but he felt that it was not necessary to discuss it.

Included in that category was the testimony of Dr. Edmund B. Curran, the only medical witness called by respondent. Doctor Curran testified that on August 25, 1952 he had given petitioner a complete general and orthopedic examination; that he did not find a thing wrong with him; and that in his opinion he was able at that time to return to work. The trial justice in his decision did not refer to Dr. Curran's testimony. Apparently he did not accept it or he felt that it was outweighed by the testimony of Dr. Silver and the report of Dr. Thompson.

Whatever the relative merits of such conflicting testimony might be, it is clear that there was evidence upon which the trial justice could base his decision. That is sufficient to preclude this court from disturbing it, unless in the course of the proceedings the trial justice erroneously deprived respondent of a fair and impartial trial. As we understand the reasons of appeal, that is precisely what respondent claims was the result of several rulings of the trial justice to which it seasonably excepted.

The respondent filed thirteen reasons of appeal. The first nine are based upon alleged errors involving the admission or exclusion of evidence. Under the remaining four reasons it is claimed that the trial justice in one instance misconceived the evidence, in another that he failed to consider pertinent evidence, and that as a result thereof his decision is against the law and the evidence. In its brief it expressly waives reasons numbered 7 and 8, and treats reasons 1, 2, 3 and 4 separately. Reasons 5, 6 and 9 are treated together in one group, and 10, 11, 12 and 13 in another group. We shall hereinafter follow the same method.

Under the first reason respondent contends that the trial justice erred in denying its motion to expunge certain medical reports that were introduced as exhibits at the hearing in the office of the director of labor. Those reports were made by impartial medical examiners including Dr. Thompson and others who were appointed pursuant to P. L. 1950, chap. 2604, to examine petitioner and report their findings to the office of the director. Such reports thus became a part of the record of the case in that office and hence upon appeal from the director's decision in the superior court were certified in accordance with the provisions of general laws 1938, chap. 300, article III, §4. However, they did not thereby necessarily become evidence for either party in that court.

At the opening of the hearing in the superior court and before the introduction of evidence respondent made its motion to expunge on the ground that since the hearing on appeal was *de novo,* such reports were not evidence unless they were introduced anew and respondent was given an opportunity to cross-examine the impartial medical examiner thereon. As far as we are aware, a motion to expunge is a novelty in judicial proceedings in this state. To expunge is to blot out, efface, obliterate, or cancel. But even if such a motion were a recognized mode of judicial procedure there is no power vested in the superior court to expunge any part of the record which, on appeal from his decision, the director of labor is required by art. III, §4, to certify to that court. Therefore the trial justice did not err in denying the motion.

However, while we cannot approve a motion to expunge as a procedural means of excluding Dr. Thompson's report from evidence in the superior court, we agree with respondent that the trial justice in making his decision may consider only the evidence properly admitted at the hearing before him, since it is his duty on appeal to hear the cause *de novo* without regard to the evidence that was presented at the

520

hearing in the office of the director of labor. But here petitioner formally offered Dr. Thompson's report in evidence and the trial justice admitted it. Although respondent complained that by reason of such admission it could be deprived of its right of cross-examination, it did not formally object to the ruling on such ground or make it a specific reason of appeal. In fact the record shows that the trial justice indicated to respondent that Dr. Thompson could be subpoenaed if respondent desired, but no subpoena was requested.

This whole question would present an entirely different aspect if the record disclosed that respondent had been deprived of the right to cross-examine Dr. Thompson on the matters contained in his report or if the opportunity was afforded it only at its own expense. While G. L. 1938, chap. 300, art. II, §21, as amended by P. L. 1950, chap. 2604, makes the report of an impartial medical examiner acceptable as legal evidence, the act cannot be so applied as to deprive a party, who did not offer and rely upon the report as part of his case in the superior court, of the right of cross-examination. If a party offers such a report as a part of his case in that court, it may only be admitted on condition that he will produce the author of the report if his opponent makes known his desire to cross-examine. Since respondent did not demand that petitioner produce Dr. Thompson for cross-examination, it now has no valid complaint on that score. And since its motion to expunge was properly denied there is no merit in its first reason of appeal.

The second reason of appeal is based upon respondent's objection to Dr. Silver's testimony concerning the history of petitioner's injury and complaints which the doctor obtained from petitioner before examining him. Doctor Silver's diagnosis was based on objective tests and petitioner's subjective symptoms. The sole purpose of such testimony was to show what those symptoms were and not what caused them.

Testimony of that nature is "generally and properly considered receivable." 3 Wigmore on Evidence (3d ed.), §688 (1), p. 4.

The third reason of appeal relates to respondent's objection to similar testimony of Dr. Cella. In this instance even though we were to assume such testimony was inadmissible the reason of appeal would nevertheless be without merit because the trial justice did not rely on that testimony in reaching his decision.

The respondent's fourth reason of appeal is based solely upon its contention that Dr. Thompson's report does not bear a jurat and hence is not admissible as a sworn report. The report recites that he was sworn by the chief of the division of workmen's compensation and respondent makes no claim that he was not actually so sworn. In the circumstances we do not think that the report should have been rejected merely because of the absence of a jurat. It is not clear that G. L. 1938, chap. 300, art. II, §21, as amended, prescribes such a requirement. The language of that section is to the effect that "such report shall indicate the name and the title of the official by whom he was sworn in and appointed * * *." In our opinion while this does not make a jurat mandatory, we think it would be better practice if there was one in the records, certified by the director of labor, so that if the report is admitted in evidence in the superior court without calling the examiner to testify it would appear beyond question that he was duly sworn before entering upon his duties.

The fifth, sixth and ninth reasons of appeal are based upon the trial justice's rulings excluding from evidence the record of a prior workmen's compensation case wherein petitioner received commuted compensation in full settlement for a similar injury which he sustained while working for another employer. After examining the papers in that case the trial justice found that no useful purpose would be

served by admitting them and that they would merely clutter up the record of the case on trial. The excluded papers were then received and marked for identification to enable this court to inspect them on appeal. We have inspected them and we are of the opinion that the trial justice did not err in excluding them.

Under its tenth, eleventh, twelfth, and thirteenth reasons of appeal respondent argues that the trial justice misconceived certain evidence, disregarded important evidence in its favor, and that his decision is against the law and the evidence. We find no merit in any of those contentions. It is true that in his decision he does not discuss or even mention the testimony of some of respondent's witnesses, but it does not necessarily follow therefrom that in reaching his decision he must have misconceived or overlooked or failed to weigh such testimony. In fact he did indicate that he had considered the evidence when he stated: "There was a great mass of other testimony which, in my opinion, it is not necessary to discuss at this time." Whether much of the testimony in favor of respondent came from more credible witnesses and carried the greater weight, as respondent really seems to argue, is of no consequence here since the workmen's compensation act makes the trial justice the final arbiter of such questions. These reasons of appeal are without merit.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Carroll & Dwyer, Edward F. J. Dwyer,* for respondent.