SIMON SORAFINE *vs.* YORK DECORATORS CO.

MARCH 3, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J. This is an employee's petition to review a compensation agreement and settlement receipt which suspended total disability compensation payments under a preliminary agreement as provided in the workmen's compensation act. The cause is here on the petitioner's appeal from a decree of the workmen's compensation commission denying him partial disability compensation for the period from November 5, 1951 to March 9, 1957.

The petitioner filed his petition on April 26, 1957. At the hearing thereon before the trial commissioner petitioner based his claim for partial disability compensation on the following evidence. On July 18, 1951 he injured his back in respondent's employ and became totally disabled. By a preliminary agreement entered into on July 30, 1951 he was awarded compensation therefor of $28 per week commencing July 23, 1951. Such compensation was terminated as of November 5, 1951 by a compensation agreement and settlement receipt duly approved by the director of labor on November 31 (sic), 1951. The petitioner stated therein, "I returned to work on 5th day of November 1951 at a wage of $135.00 per week."

He testified at the hearing that he did only light work thereafter and that he earned substantially less than $135 a week. From sometime in January 1952 through 1953 he did some upholstering jobs at home and he introduced in evidence a monthly record of his earnings therefrom during 1953. He testified further that he worked as an "independent worker" for Arthur E. Marchand, an interior decorator in the city of Woonsocket, from January 1, 1954 until March 9, 1957 when he had to stop work entirely because of the pain in his back.

Marchand testified that petitioner worked on upholstering jobs by agreement and not for a weekly salary. To use his words it was "mostly contract work." In further explanation of such working arrangement between them he testified, "I appraise the work and offer it to him. If it's satisfactory, he accepts the work." He also testified that he could have kept petitioner busy five days a week of seventy-two hours if he was able to work that long. A transcript of payments for such work was introduced and contained no payment in any week equal in amount to $135.

On this evidence the trial commissioner entered a decree containing eight findings of fact and ordering respondent to pay petitioner total disability compensation of $28 per week beginning March 9, 1957 until further order of the commission and also to pay certain medical and hospital bills incurred by petitioner since that date. The petitioner appealed from that decree to the full commission on the ground that he was aggrieved by findings of fact numbered 7 and 8. Those findings read as follows: "(7) That the petitioner from the time that he signed the final settlement receipt on November 8, 1951 to the time that he filed his present Petition for Review never went back to the respondent to ask for light work or to make any claim for compensation; and the respondent had no knowledge of the petitioner's incapacities or where he was working or what earnings he made or that he was not earning the same wages that he had been earning when injured. (8) That the petitioner is not entitled to compensation for partial incapacity for the period beginning January 1, 1952 to March 9, 1957 under Article III, Section 12 of the Compensation Act because the respondent has been prejudiced in defending against the instant petition by failure of the employee to notify it during said period that he was still claiming disability and incapacity as a result of his original injury, and that the petitioner is not entitled to compensation under this Section, until he notifies the respondent of his claim

or that the employer had knowledge or should have had knowledge of such a claim." The petitioner also claimed that the decree was against the law and the evidence and the weight thereof and was otherwise erroneous in numerous respects.

After a hearing before the full commission on the record made before the trial commissioner a decree was entered denying the appeal and making new findings without reference to the several findings of fact in the decree appealed from. Finding numbered 1 is, "The petitioner has not sustained the burden of proving that he suffered a loss of earning capacity between November 5, 1951 and March 9, 1957 by reason of the injury sustained on July 18, 1951 which is the subject of a preliminary agreement between the parties." And finding numbered 2 reads, "Since March 9, 1957, the petitioner has been totally disabled by reason of the effects of the injury sustained on July 18, 1951." The decree orders respondent to pay petitioner total disability compensation of $28 per week commencing March 9, 1957 until further modified or terminated in accordance with the provisions of the workmen's compensation act. It also orders respondent to pay charges for medical and hospital services to petitioner for treatment of the effects of his injury subsequent to November 5, 1951.

Ordinarily we do not refer to the contents of the decree of the trial commissioner and the appellant's reasons of appeal therefrom. We have done so here because of the peculiar nature of the contentions which petitioner has advanced in this court in support of his appeal from the decree of the full commission. Although he filed eighteen separate reasons of appeal, many of which are needlessly repetitious, he has summarized them in his brief under two contentions. The first is that the full commission erred in finding that petitioner had suffered no loss of earning capacity in the period between November 5, 1951 and March 9, 1957. The second contention is that the commis-

sion erred in failing to include in its final decree certain findings of fact in the trial commissioner's decree which petitioner argues should have been included therein because such findings were not appealed from.

We shall consider this second contention first because if it is sound it would have a decisive effect on the validity of the first contention. In our opinion there is no merit in the second contention. The petitioner apparently assumes that his appeal from the trial commissioner's decree brings up for review only those portions thereof by which he claims to be aggrieved and that the full commission is bound to accept all other portions of the decree. Such a view of the scope of the full commission's power of review is clearly without warrant. General laws 1956, §28-35-28, expressly provides that the full commission shall review the *decree* upon the record of the case and make their decision pursuant to the law and the fair preponderance of the evidence. This provision, we have said, "obliges the full commission to weigh the evidence and decide for themselves where the fair preponderance lies. Consequently the full commission after deciding an appeal should file a written decision containing their rulings on all questions of law and their findings on the weight of the evidence." *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, 302. Thus the full commission are at liberty to make their own findings of fact and are not bound to adopt any finding in the trial commissioner's decree when, as in the case at bar, such decree has been appealed from on the ground, among others, that it is against the evidence and the weight thereof.

We shall now consider the petitioner's first contention. Whether he suffered a loss of earning capacity was not clear from the evidence. The petitioner had the burden of convincing the commission by a fair preponderance of the evidence that he was partially disabled from following his regular employment notwithstanding his formal state-

ment in the compensation agreement and settlement receipt that he had returned to work at his regular wages. The evidence would indicate that he was doing upholstery work on his own account. Apparently the full commission were not satisfied by such evidence notwithstanding the conclusion reached by the trial commissioner. This was within their province in weighing the evidence and passing upon the credibility of the petitioner. Since it was a question of fact to be finally determined by the commission and since there was some evidence in the record upon which they could reasonably base their finding, we are of the opinion that they did not err in finding that the petitioner had not proved any loss of earning capacity between November 5, 1951 and March 9, 1957.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Louis Kirshenbaum, Ambrose W. Carroll,* for petitioner.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for respondent.