236 A.2d 256.

LOUISE LAGANIERE *vs.* BONTE SPINNING CO., INC.

DECEMBER 6, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is an employee's petition to review a December 3, 1965 decree granting her incapacity benefits. A trial commissioner denied her relief because she had failed to prove a bona fide attempt to obtain suitable work consistent with the effects of her injury and within her ability to perform. She appealed and the full commission

affirmed. The case is now here on her appeal from the full commission's decree.

The petitioner is 57 years old. While employed as a spinner in respondent's textile mill, she sustained a compensable injury for which she received total disability compensation payments from April 9, 1963 until December 3, 1965. On that date, the consent decree, which petitioner now seeks to review, was entered. It reduced her incapacity for work to partial, established her earning capacity at $40, and fixed her weekly compensation payments at $18.36. No appeal was taken from that decree, and neither party sought review until September 20, 1966, when the employee filed this petition.

The record of the three separate hearings held on the petition discloses that petitioner became employed at a manufacturing plant in Providence shortly after the entry of the consent decree and that she worked there six days a week at good wages until her discharge on March 17, 1966. She did not thereafter begin to look for work until July 1966; from then until January 1967 when the last of the three hearings took place, her job-seeking efforts consisted of registering with the Department of Employment Security, requesting work from her former employer, and calling upon approximately 70 prospective employers. Although her post-injury employment had been in Providence, her job-seeking efforts were all in the Woonsocket area where she resides. The reason she gave for not extending her search for work to either Providence or Pawtucket was the costly bus fare.

Under our law, the employee's eligibility for increased benefits on her petition for review turned on her good faith, that is, whether she honestly, sincerely and diligently sought work within her ability to perform. *Armour & Co. v. Greco,* 95 R. I. 149, 185 A.2d 98; *Cranston Print Works Co. v. Picano,* 94 R. I. 69, 177 A.2d 922. That was a fac-

tual issue which both the trial commissioner and the full commissioner resolved against her.

The case was first heard in October 1966, again in December 1966, and finally in January 1967. The trial commissioner granted the two continuances in order to give the employee full opportunity to establish a good faith attempt to obtain employment. Notwithstanding the more than ample opportunity afforded, she failed to convince him that she had honestly and diligently looked for work. He found that she had merely " * * * gone through the motions * * *" of seeking employment, that she lacked " 'motivation' " or the "* * * 'will to win' a job * * *," that her efforts to obtain employment lacked "sincerity," and that she did not make a bona fide attempt to find suitable work. On her appeal the full commission affirmed.

The initial question is whether it was error to reject petitioner's uncontroverted testimony. She was the only witness. Her positive testimony that she had tried to obtain suitable employment within her capabilities was not discredited either by other positive testimony or by circumstantial evidence, extrinsic or intrinsic. Under the rule in *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180, 66 A. 209, many times affirmed, evidence of this character is ordinarily conclusive upon the trier of facts. The *Gorman* rule, however, is not without its exceptions and qualifications. Thus, for example, positive uncontroverted testimony may be rejected if it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances, tend to contradict it. *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, 69 A.2d 689; *Somerset Realty Co.* v. *Shapiro,* 51 R. I. 417, 155 A. 360. Such testimony may also be disregarded if it lacks credence or is unworthy of belief, *Mott* v. *Clarke,* 88 R. I. 257, 262, 146 A.2d 924, 926, *Jackowitz* v. *Deslauriers,* 91 R. I. 269, 162 A.2d 528, especially if the testimony is that of a party to the litigation or of an interested wit-

ness. *Michaud* v. *Michaud*, 98 R. I. 95, 200 A.2d 6. Rejection on credibility grounds may not, however, be arbitrary or capricious, nor may it " * * * be left to the whim of a trier of fact," *Michaud* v. *Michaud, supra,* at 99, 200 A.2d at 8. Moreover, a trier of fact who disregards a witness's positive testimony because in his judgment it lacks credibility should clearly state, even though briefly, the reasons which underlie his rejection. *Jackowitz* v. *Deslauriers, supra,* at 276, 162 A.2d 528 at 531.

The trial commissioner in this case understood these principles. In his decision, he commented that he had carefully observed petitioner each time she testified and that he had considered her "attitude and demeanor and [the] quality of her testimony * * *" in arriving at his conclusions. The opportunity to see petitioner in the courtroom and to hear her testify from the witness stand gave him a vantage for passing upon her credibility; neither the full commission nor this court had a like opportunity. Undoubtedly, the trial commissioner's observations influenced his conclusion that petitioner's failure to obtain at least "a single hour of suitable work" during the extended period of her unemployment, and notwithstanding her positive testimony, was so improbable and unlikely as to justify its rejection as unworthy of belief.

Under generally accepted appellate procedures a determination of credibility by the fact finder who saw and heard the witness should be entitled to great weight on review. *Lonardo* v. *Palmisciano,* 97 R. I. 234, 197 A.2d 274; *Chase* v. *Almardon Mills, Inc.,* 97 R. I. 63, 196 A.2d 141; *Dockery* v. *Greenfield,* 86 R. I. 464, 136 A.2d 682. The petitioner calls our attention, however, to the rule in compensation cases which requires the full commission to weigh the evidence and decide for itself where its fair preponderance lies. *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, 116 A.2d 188; *Otis Co.* v. *Condon,* 92 R. I. 384, 169

A.2d 5; *Sorafine* v. *York Decorators Co.*, 90 R. I. 374, 158 A.2d 264.

Arguing from those authorities, the petitioner says that the full commission was duty bound to weigh and to apply the fair preponderance test to her positive and uncontradicted testimony notwithstanding that the trial commissioner had rejected it as unworthy of belief.

The petitioner's argument, if correct, strikes at the very roots of the fact finding process. It is true, of course, that the commission in reviewing a silent record may find that it discloses that otherwise undisputed testimony is self-contradictory, inherently or physically improbable, or controverted by any one or more of a variety of circumstances, and therefore contrary to the preponderance of the evidence. This is not to say, however, that such a review will or can reveal what the trial commissioner's impressions were as he looked at a witness and listened to his testimony. These observations are all important to the evidence sifting which precedes a determination of what to accept and what to disregard. The appearance of the witness, how he demeans himself and his manner of answering questions, can only be observed by the trial commissioner. They are observations which necessarily enter into his determination of what he believes and what he disbelieves. "The weight of the evidence" we said in *Rossi* v. *Ronci*, 63 R. I. 250, 261, 7 A.2d 773, 778, "is to be determined by the touchstone of credibility * * *." That touchstone, however, is not available to the full commission which never sees the witness or hears him testify and which, on review, looks only at a silent record.

The problem, of course, is obvious. What is the commission to do in a case like this where the ultimate outcome turns solely on the credibility of a witness whose positive and uncontradicted testimony has been rejected by the trial commissioner on credibility grounds? If it looked

only at the evidence in the record, the full commission could not possibly have sustained the trial commissioner inasmuch as all of that evidence was uncontroverted and pointed to a single conclusion which was contrary to that reached by the trial commissioner. To say that in such circumstances it should have weighed that evidence and passed on whether or not the trial commissioner's decision was supported by a fair preponderance of the evidence was to demand of it a meaningless gesture and to insist that it give lip service to a principle which is without relevance where the only issue is credibility.

In our judgment it is not the business of the commission either to weigh the evidence or to determine where its fair preponderance lies until it first decides whether the trial commissioner, if he rejected testimony as unworthy of belief, was clearly wrong[1] in so doing. If it decides that he was clearly wrong either because he was obviously mistaken in his judgment or because he overlooked or misconceived important evidence in arriving at it, then in determining whether his ultimate decision is supported by a fair preponderance of the evidence, it must weigh all of the testimony in the record including what was disregarded as lacking credibility. If, on the other hand, it finds that he was not clearly wrong, then its ultimate determination should be based on the record as it reads after being purged of the testimony which was rejected. See *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836. Although not articulated in its decision, this, in substance, is the procedure which the full commission followed in this case. Obviously it found that the trial commissioner was not clearly wrong in disregarding petitioner's testimony, and that being so,

---

[1]The fact finder's determination on the credibility issue is clearly wrong if the record discloses that he must have been mistaken in his judgment, *Valois* v. *Pelletier,* 84 R. I. 181, 122 A.2d 150, or that in arriving at his judgment he misconceived or overlooked important evidence. *Krall* v. *M. A. Gammino Constr. Co.,* 97 R. I. 495, 199 A.2d 122.

its examination of the record purged of her testimony left nothing upon which a decision in her favor could have been predicated.

The petitioner further argues that the full commission erred in taking judicial notice of a labor shortage during the time she was looking for work. The state of the labor market, she says, is not within the realm of common knowledge and, therefore, should not have been either judicially noted or relied on in support of the trial commissioner's findings. In the view we take of this case, we do not reach this contention. Assuming, without deciding, that the commission erroneously took notice of the labor market, it is nonetheless our opinion that the commission did not err in finding in substance that the trial commissioner was not clearly wrong in rejecting the petitioner's otherwise uncontroverted testimony. Once that determination was made, the commission, as we have already indicated, had no alternative other than to affirm.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson, Stanzler, Biener, Richard A. Skolnik,* of counsel, for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley, Robert W. Lovegreen,* of counsel, for respondent.