299 A.2d 162.

HARMONY SERVICE, INC. *vs.* RAYMOND E. MASON.

JANUARY 25, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employer's petition for review of the incapacity of an employee pursuant to the provisions of G. L. 1956 (1968 Reenactment) §28-35-45. The petition alleges that the employee's incapacity, established in a preliminary agreement for compensation entered into on August 25, 1969, has ended or diminished. The trial commissioner heard the matter and on August 12, 1971, entered a decree reducing the employee's benefits for incapacity from total to partial. Thereafter, both the employee and the employer prosecuted an appeal to the full

commission, which modified the decree but sustained the result reached by the trial commissioner. From that decree the employee has appealed to this court.

The employee, Raymond E. Mason, was president of the employer corporation, Harmony Service, Inc., a service station located in Harmony, Rhode Island. On June 24, 1969, Mason sustained an injury while engaged in repairing a customer's automobile. He sustained severe leg injuries, which ultimately resulted in amputation of the left leg above the knee. The parties entered into a preliminary agreement on August 25, 1969, providing compensation benefits for total incapacity. The employer filed the present petition on March 12, 1971, to review the agreement, alleging that the employee's incapacity to work had ended or diminished.

At the first hearing, testimony was adduced through Mason's doctors that he could work a full day in a sitting position. On this evidence the trial commissioner found that as of June 8, 1971, the employee was only partially incapacitated for work. Section 28-33-18 prescribes the compensation benefits that are to be allowed for partial incapacity. However, prior to 1969[1] a proviso to this section permitted a partially incapacitated employee to receive compensation for total incapacity provided he had made a bona fide attempt to obtain suitable work without success and the employer was unable to offer suitable work or to present evidence that such suitable work was available elsewhere. Because of the requirements of this proviso, the trial commissioner continued the petition for further hearing in order to afford Mason an opportunity to make a search for suitable work.

---

[1]The 1969 amendment took effect September 1, 1969, and the employee's injury was on June 24, 1969. The law in effect at the time of the injury determines the compensation benefits. *Davol Rubber Co.* v. *Lafoe,* 108 R. I. 499, 277 A.2d 128 (1971). Thus, the 1969 amendment is not applicable to this petition.

Mason testified twice before the trial commissioner as to the search for work. On the first occasion he indicated that he had been to nine places in a month, attempting to find a suitable job, but that none was available. The trial commissioner made no finding as to whether this constituted a bona fide attempt to find work but continued the case for another month. On the second occasion Mason recounted that he had worked for one and one-half weeks for Harmony Service, Inc. However, he stated, his leg began to pain him, and his doctor told him to "lay off" work for a while. The commissioner then inquired of Mason whether, when he felt better, he would return to work at the service station. On the basis of Mason's affirmative answer to this inquiry, the trial commissioner made the following findings of fact: "1. The employee is no longer totally incapacitated for work but is now partially incapacitated. 2. The petitioner-employer has offered to the employee suitable work and the employee has accepted it and will report and work on the days when he is capable and feeling well." The trial commissioner's decree reduced Mason's benefits from $45 to not more than $22 per week.

The employee appealed the decision to the full commission on the ground, *inter alia,* that the trial commissioner failed to make a finding as to whether Mason had made a bona fide effort to obtain suitable work. The full commission affirmed the reduction to partial benefits but felt that the employee was entitled to a finding on whether or not he had made a bona fide work effort. The full commission found that, in light of the fact that Mason owned a business next to his home, he had no serious intention of seeking employment elsewhere. The commission then entered a new decree containing an additional finding that the employee had not made a bona fide effort to obtain suitable work. Mason's appeal to this court contends that there is no legal evidence to support a finding that the employee

failed to make a "bona fide attempt" to procure work within his capabilities and that the full commission had no jurisdiction to make a finding as to a "bona fide attempt."

The employee's first contention, that there is no legal evidence to support a finding that he did not make a bona fide attempt to find work, may be dealt with summarily. The issue of bona fide attempt is a question of fact within the province of the commission, and if there is any competent evidence in the record, or reasonable inference to be drawn therefrom, which supports the findings of the full commission, then this court, absent fraud, cannot alter such findings. *Hassenfeld Bros.* v. *Wolowicz,* 104 R. I. 620, 247 A.2d 834 (1968); *Perry's Heating Service* v. *Cashman,* 104 R. I. 75, 241 A.2d 823 (1968); *Armour & Co.* v. *Greco,* 95 R. I. 149, 185 A.2d 98 (1962); *Cranston Print Works Co.* v. *Picano,* 94 R. I. 69, 177 A.2d 922 (1962).

In *Wardwell Braiding Machine Co.* v. *Imondi,* 107 R. I. 19, 264 A.2d 317 (1970), on a determination of bona fide work effort, the employee testified that during more than a two-month period he looked for work at ten different establishments. The tenth inquiry resulted in part-time employment as a barber, but the employee quit after an hour when he found he was unable to stand on his feet. In *Wardwell* both the trial commissioner and the full commission found that the employee had not made a bona fide effort to obtain suitable work. In sustaining the finding, the court said at 23, 264 A.2d at 320: "It may well be that on the uncontroverted facts the full commission could have concluded otherwise on the 'good faith' question if it had attached greater significance to the employee's one hour of employment as a barber. That it might have found otherwise; however, is not crucial at this point in the proceedings. What is important for our purposes on review is not how the commission found; but whether the record fair-

ly and logically yields to the inference that it drew. *Lima v. Haskell Mfg. Co.*, 100 R. I. 312, 316, 215 A.2d 229, 231."

Similarly, the record in this case is susceptible to the inference that Mason did not search for work in good faith. He owned a business next door to his home, he went there for brief periods almost daily even when totally incapacitated, he attempted to work there part time when told to look for a job, and he disclosed an intent to return there when he felt better. On such evidence, a conclusion that he did not seriously attempt to find work elsewhere is neither unreasonable nor unsupportable. Thus, the finding of fact by the commission is conclusive upon this court unless the employee's second contention, that the full commission had no jurisdiction to make a finding as to bona fide work effort, is correct.

In this respect, the employee contends that the determination of bona fide effort is a function for the trial commissioner because only he is able to assess the sincerity, demeanor, and credibility of the employee.[2] The employee has misconceived the function of the full commission. Section 28-35-28 reads, in part: "The full commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence * * *." This provision has been interpreted as imposing a duty on the full commission

---

[2]For this contention, *Laganiere v. Bonte Spinning Co.*, 103 R. I. 191, 236 A.2d 256 (1967), was discussed in oral argument. However, *Laganiere* is not in point. In *Laganiere*, the trial commissioner rejected the employee's uncontroverted testimony and found she had not made a bona fide effort to obtain work. The full commission affirmed. The employee contended in this court that the full commission should have ignored the trial commissioner's rejection of her testimony in weighing the evidence. We rejected this contention and said the full commission was bound by the trial commissioner's determination on the credibility of witnesses unless it finds that he was clearly wrong. In the case at hand, the trial commissioner made no finding as to Mason's credibility, and moreover, Mason's credibility was not at issue before the full commission.

to weigh the evidence in the record, to find where the fair preponderance lies, and to make its own findings of fact. *Corrado* v. *Brown University*, 98 R. I. 256, 201 A.2d 29 (1964); *Sorafine* v. *York Decorators Co.*, 90 R. I. 374, 158 A.2d 264 (1960); *Cairo* v. *Sayles Finishing Plants, Inc.*, 83 R. I. 297, 116 A.2d 188 (1955).

In the instant case, the trial commissioner failed to make a factual determination as to Mason's bona fide attempt to find work. The full commission reviewed his uncontroverted testimony and concluded that, in light of the fact that Mason lived next to a business he owned, his limited attempts to find suitable work did not constitute a serious intention to work elsewhere. The full commission was free to make a finding of fact as to bona fide work effort and to alter the decree of the trial commissioner. The trial commissioner's failure to make a finding should not deny the full commission its power to decide a case according to the fair preponderance of the evidence. *Corrado* v. *Brown University, supra.*

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

*Anderson & Kane, Vincent F. Kane,* for petitioner-appellee.

*Carroll, Kelly & Murphy, Joseph A. Kelly, Bradley L. Steere,* for respondent-appellant.