310 A.2d 140.

BLOUNT MARINE CORPORATION *vs.* ROBERT CARREIRO.

OCTOBER 24, 1973.

PRESENT: Paolino, Joslin. Kelleher and Doris, JJ.

PER CURIAM. This is an employee's appeal from a decree of the Workmen's Compensation Commission affirming the trial commissioner's grant of the employer's petition which sought to suspend its payment of weekly benefits for total incapacity.

Blount Marine Corporation (Blount Marine) specializes in the construction and repair of boats. It hired Carreiro as a carpenter. On October 19, 1971, he sustained a laceration to his left foot. A preliminary agreement was executed which called for the payment of total disability benefits. In early February 1972, Carreiro started work part time as a cabinetmaker for another employer. On March 10, 1972, he started working full time. Two weeks later, Blount Marine's insurer became aware of Carreiro's endeavors and then the instant petition was filed.

The only witness to appear before the trial commissioner was Carreiro. Despite his protestation about the soreness of his foot, Carreiro testified that he had worked 40 hours a week; that some four months after his foot injury, he had participated in the finals of the "Golden Gloves" boxing tournament; that he had trained for his prizefighter efforts by doing sit-ups, push-ups, and a turn at the "speed bag"; that a physician had examined his injured foot and given him permission to box; that, when asked by his new employer to work overtime, he did so; that when he worked for Blount Marine, he earned $2.75 an hour, while he was presently earning $3 an hour; that the foot was not bandaged; and that he had not seen his doctor relative to the injury for some two months.

In *Builders Iron Works, Inc.* v. *Murphy*, 104 R. I. 637, 247 A.2d 839 (1968), we once again referred to the general principle that an employee who has recovered from the

effects of his injuries to the extent that he is able to resume his former employment without harmful consequences to himself is not entitled to workmen's compensation benefits. Here, Carreiro's description of his activities as a cabinet-maker and a golden glover supports the commission's suspension of the payment of compensation. Credibility played an important part in its determination. Accordingly, we cannot disturb its conclusion that Carreiro was able to perform all the duties formerly required of him without endangering his physical well-being. *Harmony Service, Inc.* v. *Mason,* 111 R. I. 85, 299 A.2d 162 (1973).

The employee's appeal is denied and dismissed.

Mr. Chief Justice Roberts did not participate.

*Higgins & Slattery, William C. Dorgan,* for petitioner-appellee.

*Lovett and Linder, Ltd., Edward E. Dillon, Jr., Robert M. Brennan,* for respondent-appellant.