DAVOL, INC.

v.

Andriano AGUIAR.

No. 80–367-Appeal.

Supreme Court of Rhode Island.

July 19, 1983.

Reargument Denied Sept. 28, 1983.

---

Bernard W. Boyer, Alice Bridget Gibney, Providence, for petitioner.

Raul L. Lovett, Providence, for respondent; Lauren E. Jones, Providence, on brief.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Workers' Compensation Commission by the employee, granting the employer's petition to review a preliminary agreement alleging that the employee was no longer disabled.

The record reveals that the employee, Andriano Aguiar, was injured on January 4, 1977, while working for the employer, Davol, Inc., when he slipped and fell while pushing a steel drum. The drum rolled against him, causing severe contusions of his left arm and shoulder. In a preliminary agreement dated January 28, 1977, the employer agreed to pay him compensation benefits for his total incapacity. On May 23, 1979, the employer filed a petition to review the preliminary agreement, alleging that employee's total incapacity for work had ended and that he was able to return to "light selected work."

Doctor A. Louis Mariorenzi, who examined the employee on behalf of the employer, testified that on the basis of his examination he thought that the employee "was capable to [sic] return to full employment with no restrictions and no limitations."

Doctor Louis Corvese, the employee's treating physician, testified under subpoena. When the employer attempted to introduce into evidence a copy of the doctor's report, the employee objected on the ground that a copy had not been forwarded to him as required by G.L.1956 (1979 Reenactment) § 28–35–10.[1]

1. General Laws 1956 (1979 Reenactment) § 28–35–10 provides in pertinent part:

"Where an employer, his insurer, or the agents or independent contractors of either obtains from an injured employee any paper,

However, Dr. Corvese was allowed to testify from his report that the employee was "improved but not quite asymptomatic, persistent complaints of the left shoulder and wrist, no notable physical findings other than for tenderness to palpation." He further testified that his report indicated that the employee would be available for light work as of June 1977. The report stated that the employee could return to work as of May 1, 1979.

Doctor Peter Pizzarello, testifying on behalf of the employee, found him totally disabled from pushing 400-pound drums and partially disabled but able to be employed at light duty which would not include excessive pushing and/or pulling.

The trial commissioner found that the employee was no longer totally incapacitated but was partially disabled. The commission, however, gave more weight to the findings and opinion of Dr. Corvese as contained in his report and noted that the other two doctors examined the employee for the sole purpose of rendering an opinion as to his disability. Accordingly, the commission found that the employee was no longer disabled and suspended all further compensation payments.

The issues before this court are: (1) whether Dr. Corvese's medical report was inadmissible because a copy of that report was not furnished to the employee's attorney pursuant to § 28–35–10; (2) whether Dr. Corvese's report was inadmissible because he was subpoenaed by the employer to testify at the hearing but refused to give an expert opinion, thus precluding cross-examination by the employee; and (3) whether the commission erred when it independently weighed the evidence without giving any weight to the trial commissioner's findings of fact.

## I

■ The employee objected to the introduction of Dr. Corvese's report into evidence on the ground that a copy had not been forwarded to him pursuant to § 28–35–10. If a copy of any document, report, or statement which is covered by the statute is not provided to the employee, any information so obtained may be excluded from the evidence at the hearing. Section 28–35–10. This legislation was intended to put the employee on an equal footing with his employer regarding information that an employer would have access to because of its records and insurer's reports made before any compensation claim is filed. *Giordiano v. Uniroyal, Inc.,* 108 R.I. 226, 231, 273 A.2d 855, 858 (1971).

■ In the instant case, however, the report received by the employer's insurance company from the employee's attending physician was required by § 28–33–8, as amended by P.L.1979, ch. 391, § 2. This section provides in pertinent part that no claim for care of medical treatment by an employee is valid against the employer unless the physician or institution giving treatment to the employee "shall as often as every two (2) months thereafter while the services or treatment continue in writing present to the employer a signed progress report of the employee's condition * * *." The Legislature did not intend, however, to include reports required by § 28–33–8 within the provisions of § 28–35–10. Section 28–35–10 specifically enumerates that "hospital records, nurses'

document, report, statement or agreement, including hospital records, nurses' notes, personnel records, reports or statements by foremen or any other supervisory employees at the injured employee's place of employment, * * * concerning compensation, such injured employee shall receive an exact duplicate original copy * * * at the time the same is obtained, and a copy shall also be furnished to the employee's attorney forthwith upon request by said attorney. If a copy * * * is

not furnished strictly in accordance with the provisions of this section, anything therein contained cannot be used by an employer or his insurer or attorney for direct or cross-examination of the employee; and the individual obtaining same may not testify in any proceeding and such paper, document, report, statement or agreement, * * * shall be inadmissible in any proceeding, if objection by the employee to its admission is made."

notes, personnel records, reports or statements by foremen or any other supervisory employees at the injured employee's place of employment," must be sent to the employee. If the Legislature wanted medical reports to be sent to employees, it would have imposed such a requirement in the same section.[2] Thus, the trial commissioner properly admitted Dr. Corvese's report into evidence.

## II

The second issue is whether Dr. Corvese's report was inadmissible because the employee could not cross-examine Dr. Corvese concerning his expert opinions. The record shows that Dr. Corvese's report was admitted into evidence as a full exhibit. The employee's sole objection was on the basis of § 28–35–10.

■ Doctor Corvese appeared pursuant to a subpoena and testified as a lay witness. He testified, reading from his report, concerning his physical findings. At no time was Dr. Corvese required to answer questions which called for his expert opinion. However, no objection was made by the employee regarding his inability to question Dr. Corvese's expert opinion. Therefore, absent a formal objection, the employee is precluded from raising this argument as a basis for error. *See Natalizia v. Atlantic Tubing & Rubber Co.*, 81 R.I. 515, 520, 105 A.2d 190, 192 (1954).

## III

The third issue of this case is whether the commission erred in reversing the trial commissioner on the ground that more weight should have been given to Dr. Corvese's testimony and report than the other two physicians'. The crucial issue is what standard should the commission employ on review.

The employer argues that the commission's duty is to weigh the evidence in the record, to find where the fair preponderance lies, and to make its own findings of fact. In support of this contention, the employer cites a line of Rhode Island case law which states that when the commission reviews a decree of a trial commissioner, it must examine and weigh the evidence, draw its own conclusions, make its own findings of fact, and determine whether the evidence preponderates in favor of or against the trial commissioner's decree. *Moretti v. Turin, Inc.*, 112 R.I. 220, 223, 308 A.2d 500, 502 (1973); *see Harmony Service, Inc. v. Mason*, 111 R.I. 85, 89–90, 299 A.2d 162, 165 (1973); *Sorafine v. York Decorators Co.*, 90 R.I. 374, 378, 158 A.2d 264, 266 (1960).

The employee argues that before the commission can reverse the trial commissioner's findings relative to credibility, it must first determine that the trial commissioner was clearly wrong in his determinations of credibility.

■ Section 28–35–28 states that the commission shall "review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence." This court has interpreted this language as giving the commission a de novo standard of review. *See Moretti v. Turin, Inc.*, 112 R.I. 220, 308 A.2d 500 (1973); *Harmony Service, Inc. v. Mason*, 111 R.I. 85, 299 A.2d 162 (1973); *Sorafine v. York Decorators Co.*, 90 R.I. 374, 158 A.2d 264 (1960). However, we have held that the issue of credibility should be determined by the trial commissioner and his findings should be given great weight on review. *Laganiere v. Bonte Spinning Co.*, 103 R.I. 191, 195, 236 A.2d 256, 258 (1967) (citing *Lonardo v. Palmisciano*, 97 R.I. 234, 197 A.2d 274 (1964); *Chase v. Almardon Mills, Inc.*, 97 R.I. 63, 196 A.2d 141 (1963)). Therefore, when reviewing

2. For example, G.L.1956 (1979 Reenactment) § 28–33–34 requires that an employee submit to a physical examination by a physician furnished by the employer at the employer's request. The employer is then obligated to furnish the employee and his attorney a copy of the physician's report. Failure to do so makes the report or evidence of the examining physician inadmissible upon the employee's objection.

findings based on credibility determinations, the commission must first find the trial commissioner's findings clearly wrong or that the trial commissioner misconceived or overlooked material evidence in arriving at his determinations before independently weighing the evidence or finding where the fair preponderance lies. *See Cambrola v. Kaiser Aluminum & Chemical Corp.,* R.I., 416 A.2d 694 (1980); *Jernquist v. Union Tool Co.,* 109 R.I. 304, 284 A.2d 467 (1971); *Laganiere v. Bonte Spinning Co.,* 103 R.I. 191, 236 A.2d 256 (1967). If the commission finds the trial commissioner clearly wrong "then in determining whether his ultimate decision is supported by a fair preponderance of the evidence, it must weigh all of the testimony in the record including what was disregarded as lacking credibility. If, on the other hand, it finds that he was not clearly wrong, then its ultimate determination should be based on the record as it reads after being purged of the testimony which was rejected." *Laganiere,* 103 R.I. at 197, 236 A.2d at 259.

■ We believe that the trial commissioner is in the best position to observe the appearance of a witness, his demeanor, and the manner in which he answers questions. These impressions are invaluable in assessing the credibility of witnesses and ultimately in determining what evidence to accept and what evidence to reject. *Id.* at 196, 236 A.2d at 258. The weight given to such evidence necessarily depends on a determination of the credibility of the witnesses presenting it. *See Id.* at 196, 236 A.2d at 259 (citing *Rossi v. Ronci,* 63 R.I. 250, 261, 7 A.2d 773, 778 (1939)).

■ In the instant case, the trial commissioner faced conflicting medical testimony. He necessarily made a determination of each witness's credibility when he rejected certain testimony and accepted other testimony. The commission, however, conducted a de novo review of each doctor's testimony without any regard to the trial commissioner's findings.

We find, therefore, that the commission exceeded its scope of review. It is the duty of the commission to first find that the trial commissioner was clearly wrong in his findings or that he misconceived or overlooked material evidence in arriving at such determinations. Since the commission failed to employ this standard, it committed reversible error.

Accordingly, the employee's appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Workers' Compensation Commission for further proceedings in accordance with this opinion.