Theresa M. ROSE

v.

BOSTITCH, DIVISION OF
TEXTRON, INC.

No. 85–51–M.P.

Supreme Court of Rhode Island.

April 14, 1987

John F. Cuzzone (Quinn, Cuzzone & Geremia), Lauren E. Jones, Jones & Aisenberg, Providence, for plaintiff.

George E. Healy, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter was brought before the Supreme Court on the employee's petition for a writ of certiorari to review a final decree of the Workers' Compensation Commission. The commission had denied and dismissed her petition for compensation benefits for a disability resulting from acute anxiety syndrome associated with a gastrointestinal disorder and aggravation of hypertension. We affirm.

Theresa M. Rose (employee) had worked for Bostitch for eleven years. Approximately three months before leaving her employment on May 2, 1980, she experienced some conflict with her fellow employees. She claimed that they harassed her about her manner of dress and a purported relationship with a man working in the plant. Apparently they thought she dressed more appropriately for "work in an office than in a factory." She worked as a relief packer, which was very active work. The employee never claimed that the work was the cause of her problems. In fact, she said she enjoyed her work and refused a transfer to another department offered to her when she complained to supervisors about her coworkers. She had experienced problems with anxiety in the past and had lost time from work because of them as far back as 1971. The employee experienced periods of anxiety and depression related to the anguish she felt when she placed her mother in a nursing home and also when her son was in the service.

The employee's psychiatrist and her attending physician were of the opinion that there was a causal relationship between her employment and her emotional and medical problems, which were described as anxiety, nervous depression, colitis, and gastritis. Her physician first testified that in 1978 she had been disabled with an anxiety-depression syndrome. At first, her psychiatrist reached a diagnosis of anxiety neurosis and depressive neurosis. His testimony was interrupted, and later, when it was resumed, he said his earlier diagnosis had changed and he now believed she was suffering from agoraphobia, a severe phobia that causes one to restrict activities to the point where one is unable to leave home. This condition, in his opinion, was also causally related to employee's work. A third physician, a psychiatrist who examined the medical evidence that employee had offered at the request of Bostitch, was of the opinion that she was not suffering

from agoraphobia and that there was no causal relationship between employee's medical and emotional complaints and her employment. His deposition is in the record.

The employee subpoenaed seven coworkers to testify. Their testimony, although verifying that there was some kidding, hazing, and possibly mild harassment, established clearly that employee's reaction was sensitive in the extreme and out of all reasonable proportion to the nature and degree of what clearly constituted teasing by her coworkers. There was evidence that many coworkers were teased from time to time. In addition, four supervisors testified for Bostitch. Their testimony established that the employee frequently complained about her coworkers but never about the work itself.

The trial commissioner, in a bench decision, found that employee had suffered a personal injury, both physical and mental, arising out of her employment, and he awarded compensation benefits. He distinguished her case from *Seitz v. L & R Industries, Inc.*, 437 A.2d 1345 (R.I.1981), in that he said, the employee in this case, unlike that in *Seitz*, provided uncontradicted evidence of physical injury.

On appeal the appellate commission reversed the trial commissioner and held, in essence, that even if one gave credence to all of employee's evidence, a sufficient nexus did not exist between her employment and her medical problems. We agree.

On appeal employee first relies on *Davol, Inc. v. Aguiar*, 463 A.2d 170 (R.I.1983), to argue that the appellate commission exceeded its authority by overturning the trial commissioner, who had rejected the coworkers' denial that the employee was subjected to stress. We find no merit in this argument; unlike *Aguiar*, this was not a credibility situation. We conclude, that even giving credence to all of employee's evidence, she has failed to establish the necessary nexus.

The employee's own medical witnesses verified that she had no complaints about her work and that the actual performance of her job had no effect on her mental state. She declined a transfer that, it seems obvious, would have been a reasonable move in light of the fact that her sole reason for leaving work was the teasing of her coworkers and the effect it had upon her.

The employee relies heavily on the recently decided case of *Mulcahey v. New England Newspapers, Inc.*, 488 A.2d 681 (R.I.1985). In that case we held that if the employee could demonstrate a causal relationship between the work and the disabling injury or condition, it was not material that the work did not involve an unusual physical exertion. *Id.* at 684. That case is of no benefit to this employee because she failed to establish any nexus between her disabling condition and her work.

In *Seitz* we observed that it is a rare situation in which some adverse interpersonal relations are not encountered from time to time but "the courts recognize the burden that may be placed upon commerce and industry by allowing compensation for neurotic reaction to the ordinary everyday stresses that are found in most areas of employment." *Seitz*, 437 A.2d at 1349.

For these reasons, the decree of the appellate commission is affirmed, the writ heretofore issued is quashed, and the papers of this case are remanded to the Workers' Compensation Commission with our decision endorsed thereon.