Virginia **ROCHA**

v.

**STATE of Rhode Island.**

No. 95–165–M.P.

Supreme Court of Rhode Island.

Feb. 27, 1997.

Gary J. Levine, for Plaintiff.

Rita P. Sciacca, for Defendant.

## OPINION

PER CURIAM.

The key issue in this case is whether the fact that the plaintiff, Virginia A. Rocha, chose to receive regular retirement benefits instead of disability retirement benefits upon her separation from employment was an irrelevant factor in the trial judge's determination of her credibility and in his denial of workers' compensation benefits. The Appel-late Division of the Workers' Compensation Court (appellate division) determined that the trial judge erred by relying on irrelevant factors in evaluating the plaintiff's credibility and reversed the decision of the trial judge. The employer, the State of Rhode Island, petitioned this Court for a writ of certiorari to review the final decree of the appellate division that awarded benefits to the plaintiff. We are evenly divided in this case. Therefore, the petition for certiorari is denied, and the decision of the appellate division is affirmed.

### Summary

The plaintiff had worked as a stenographer in the Family Court and the Workers' Compensation Court for over twenty-five years. In June 1987, plaintiff began receiving workers' compensation benefits because of a work-related injury and subsequently underwent surgery on both arms for bilateral ulnar nerve neuropathy. Two years later, on May 8, 1989, plaintiff returned to work despite her doctor's misgivings. She testified that at the time she was "feeling better" but not "a hundred percent." The plaintiff testified that during the next six weeks her condition worsened until she could no longer tolerate the pain. She stopped working on June 22, 1989, and began discharging her accumulated sick leave and vacation days. In a letter dated July 7, 1989, plaintiff informed her employer of her intention to retire, to be effective July 28, 1989. At trial she testified that she decided to retire because the condition of her hands would no longer permit her to work as a court stenographer. On July 28, 1989, after all her sick and vacation allotment had been discharged, plaintiff retired.

At that point, plaintiff filed a claim for workers' compensation benefits and alleged a return of incapacity. The trial judge in the Workers' Compensation Court denied her claim after finding that plaintiff had left work for monetary gain and not as a result of an injury. In denying plaintiff's claim, the trial judge stated, "I do find a problem in the credibility of this employee who took the regular pension as opposed to the disability pension."

The appellate division reversed the decision of the trial judge and ruled that the trial judge had based his determination of plaintiff's credibility on irrelevant factors. In a written decision, the appellate division observed that the medical evidence supporting plaintiff's claim was uncontroverted. The appellate division concluded that plaintiff in fact had suffered a recurrence of a work-related injury and ordered the state to pay "partial incapacity" benefits. The state petitioned this Court for certiorari.

On review, plaintiff argued that the appellate division correctly applied our holding in *Villa v. Eastern Wire Products Co.*, 554 A.2d 644 (R.I.1989), by finding that the trial judge here had denied benefits on the basis of an irrelevant factor, namely, her lawful choice of the regular retirement option. According to plaintiff, her selection of regular retirement should have absolutely no bearing on the determination of whether she was leaving work because of a work-related injury; hence, her choice of a retirement option was irrelevant to any issue before the trial judge. Moreover, the medical and lay evidence was uncontroverted in concluding that a recurrence of injury had occurred.

The state rejoined that the *timing* of plaintiff's retirement was clearly relevant to the question of whether she left work because of an injury or because of her desire to reap the benefits of an early retirement program. Moreover, plaintiff's selection of regular retirement was relevant inasmuch as this option was substantially more lucrative than the disability option, thus making it more likely that her retirement was motivated by pecuniary considerations than by a recurring injury. The state further observed that the medical and lay evidence supporting a recurrence was entirely derived from plaintiff's subjective complaints of pain or numbness, and unlike the situation in *Villa*, plaintiff's credibility was the primary issue in this case.

Two justices of this Court agreed with the plaintiff's position and reasoned that the trial judge's reliance on the plaintiff's choice of regular retirement benefits to deny her workers' compensation benefits amounted to the denial of benefits based on an irrelevancy. These justices were persuaded that the plaintiff should not be punished for exercising a legal option that offered the most attractive benefits. These justices, therefore, would hold that the appellate division did not exceed its authority in reversing the trial judge's findings. But two other justices were persuaded by the state's arguments. These justices concluded that the trial justice appropriately ascertained that the timing of the plaintiff's retirement and her choice of the more lucrative benefits option supported his finding that she quit work for monetary gain and not as a result of injury. These justices reasoned that the appellate division exceeded its authority in reversing the trial judge's determination of credibility, both because credibility was the primary issue in this case and because the timing and the nature of the plaintiff's actions were relevant to determining her credibility.

Consequently, because this Court is evenly divided, the petition for certiorari is thereby denied, the writ heretofore issued is quashed, the decision of the appellate division is affirmed, and the papers in this case are returned to the appellate division.