[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case comes before the court on appeal from a decision by the Rhode Island Department of Human Services (hereinafter "DHS") denying Therese L. Conte (hereinafter "applicant") continued medical benefits as provided by the Medical Assistance Program authorized by Title XIX of the Social Security Act and Rhode Island General Laws 1956 (1990 Reenactment) §§ 40-8-1 et seq. Applicant seeks a reversal of DHS's decision. Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1988 Reenactment) §42-35-15.
Facts/Travel
Prior to the adverse decision from which applicant now appeals, applicant had been receiving medical assistance benefits as administered by appellee DHS. (Hearing Decision at 5). In a letter dated June 18, 1991, Linda Giguere, eligibility technician for DHS, pursuant to DHS regulations informed applicant that in order to determine the applicant's eligibility for continued benefits the Medical Assistance Review Team of DHS required the results of a Pulmonary Function Test. (Hearing Decision at 2.) Applicant failed to submit to the requested test.
Following applicant's failure to comply with Ms. Giguere's request and a determination issued by the Medical Review Team on August 5, 1991 that the applicant was not eligible for medical assistance benefits on the basis of disability, Ms. Giguere issued a Medical Assistance Cut-off Ten-Day Notice (AP-166M) to the applicant on August 14, 1991 (Hearing Decision at 5.)
On August 16, 1991 applicant completed a "Request for Hearing" form (DHS-121) which included the following statement. "They expect me to take a stress test which is impossible for me to do because of a bad back condition. I am unable to do this test. They are giving me a tough time about Medicaid. However, I called my lawyer and he is willing to fight for me."
On October 21, 1991 a hearing was convened with DHS appeals officer James J. Dillon, Jr. presiding. Two witnesses testified at this hearing. First, Ms. Conte testified about why she had refused to submit to the Pulmonary Function Test. Specifically, she stated that her doctors had advised against her taking such a test. She said "He said I couldn't take the test because of the back. Because of bad back and that's the stress test and they put you on a machine, and I can't do the walking of, on the treadmill." (Hearing Transcript at 5.) When asked whether she had a letter from a doctor documenting such advice Ms. Conte responded that she did not. Second, Ms. Giguere testified on behalf of DHS regarding the procedure and correspondence between her and Ms. Conte that had preceded the decision to terminate the applicant's benefits.
In a written decision dated October 30, 1991 Mr. Dillon sustained the decision to terminate Ms. Conte's benefits. In that decision Mr. Dillon wrote:
 Although the patient-physician relationship enjoys a special status, both under the law and in the normal course of life, the appellant's testimony as to her physician's opinion relative to the Pulmonary Function Test, absent any writing from the physician, is found less than credible. The appellant testified that her physician advised against this Pulmonary Function Test because of her bad back condition and because she would be unable to walk on the treadmill. A Pulmonary Function Test is used to determine lung capacity and capability, and in a layman's sense, involves no more than blowing into a tube connected to some diagnostic machinery or device.
(Hearing decision at 6.)
Standard of Review
Review in this court is pursuant to G.L. 1956 (1988 Reenactment) § 42-35-15 which in pertinent part provides:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
On appeal applicant raises two issues: first applicant contends that the hearing officer's rejection of applicant's credibility must be rejected as a matter of law; second, applicant contends that DHS's decision was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record and thus in violation of the standard of review prescribed by 42-35-15(g)(5).
Applicant's first contention raises an issue of law. Questions of law decided by administrative agencies are not binding on this court. This court "may review questions of law to determine what the law is and its applicability to the facts."Chenot v. Bordeleau, 561 A.2d 891, 893 (R.I. 1989). Applicant's second contention raises an issue of fact subject to the clearly erroneous standard of review mentioned above.
Credibility Assessments of "Uncontroverted" Testimony
Applicant contends that positive uncontroverted evidence is normally conclusive upon the trier of fact and accordingly applicant's testimony regarding her doctor's instructions to refuse the Pulmonary Function Test should so bind the trier of fact. In support of this position applicant cites Laganiere v.Conte Spinning Co., 103 R.I. 191, 236 A.2d 256 (1967). This court rejects applicant's reliance on this authority as the holding of Laganiere relied not on the general rule as cited by the applicant but on one of several exceptions to this rule.
The court in Laganiere reviewed an employee's petition to review a Consent Decree granting her partial incapacity benefits. The factual issue before the trial commissioner had turned on the petitioner's good faith and whether she honestly, sincerely and diligently sought work within her ability to perform. The court stated:
 The initial question is whether it was error to reject petitioner's uncontroverted testimony. She was the only witness. Her positive testimony that she had tried to obtain suitable employment within her capabilities was not discredited either by other positive testimony or by circumstantial evidence, extrinsic or intrinsic. Under the rule in Gorman v. Hand Brewing Co., 28 R.I. 180, 66 A. 209, many times affirmed, evidence of this character is ordinarily conclusive upon the trier of facts. The Gorman rule, however, is not without its exceptions and qualifications. Thus, for example, positive uncontroverted testimony may be rejected if it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances, tend to contradict it.
Id. at 258 (citations omitted).
The Laganiere court also noted the unique vantage point trial judges have in assessing credibility as the rationale underlying the rule of deference to the fact finder even in light of what appears on the record to be uncontroverted evidence. In making a proper credibility determination an observer of live testimony must associate demeanor and body language of a witness to the content of the testimony itself.
More recently in Environmental Scientific Corporation v.Louise Durfee, 621 A.2d 200 (R.I. 1992) our Supreme Court wrote "when credibility evaluations are implicated, we have imposed a standard of review upon the appellate division that requires it to defer to the evidentiary findings of the trial judge. Before disturbing findings based on credibility determinations, the appellate division must first find that the trial judge was clearly wrong." Id. at 206. This rule would apply to administrative appeals brought under the APA as in the instant appeal. Id. at 206, n. 4.
This court finds the holding of Laganiere based on an exception to the Gorman rule and not the general rule referred to in dicta as contended by applicant, controlling in the present appeal. The phrase "inherent improbabilities or contradictions" from the Laganiere opinion is of critical importance. The appeals officer was careful to point out that the applicant's reason for refusing to take the requested test did not make sense in light of the nature of the test itself. By stating she was unable to take a test which involved blowing into a tube because she could not walk on a treadmill the applicant imbued her testimony with the type of inherent contradiction which under the above-mentioned exception to the Gorman rule could warrant DHS' rejection of the applicant's credibility.
Accordingly, this court finds that it was not an error of law to discount the positive testimony of the applicant. Similarly, after its review of the record, this court finds applicant's contention that the hearing officer supplied insufficient reasons for his rejection of applicant's testimony to be without merit.
Applicant additionally contends that the appeals officer's decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. This court disagrees.
The DHS regulations promulgated pursuant to G.L. 1956 (1990 Reenactment) § 40-8-13 support DHS's decision. They read in pertinent part as follows: "To be eligible for Medical Assistance because of permanent and total disability, a person (adult or child) must have a permanent physical or mental impairment, disease or loss, other than blindness, that substantially precludes engagement in useful occupations within his/her competence." II CRIR 19, Rule 15020 006 at 41 (1992). The regulations later continue as follows: "Statements of the applicant, including the individual's own description of the impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment." II CRIR 19, Rule 15020 006 at 42 (1992). These regulations were properly cited by Mr. Dillon in his written decision of October 30, 1991 as the legal basis of his decision. (Hearing Decision at 2-3).
DHS regulations governing the application process further support DHS's decision. The portion of section 300 entitled "Eligibility Determination" in pertinent part provides:
 In instances where an applicant/recipient refuses to present information or verification required to reach a decision on an initial or continuing determination of eligibility and requests the agency not to obtain it, the agency would not be able to determine eligibility and may have no recourse but to deny or terminate assistance.
II CRIR 19, Rule 15020 006 at 18. In his written decision the DHS hearing officer relied on this regulation by stating that applicant had failed to meet her burden of supplying medical test results to support her application and thus the denial of her application was proper. (Hearing Decision at 6).
The deference afforded by this court to the factual findings of the hearing officer is especially important in matters involving technical procedures and specialized knowledge. RobertE. Derecktor of Rhode Island. Inc. v. U.S., 762 F. Supp. 1019
(D.R.I. 1991). State statute and federal regulations authorize the Medical Review Team to establish certain medical criteria upon which they may base a determination of an applicant's eligibility for benefits. See G.L. 1956 (1990 Reenactment) §40-8-13 and 42 CFR 440.230 (d).
In this appeal the particular technical procedure required was the Pulmonary Function Test. The testimony of Ms. Giguere demonstrates that the department procedures were followed and that applicant was given ample opportunity to comply with the request. It should be noted that DHS may at any time reconsider any determination made with respect to applications for medical assistance benefits. G.L. 1956 (1990 Reenactment) § 40-8-6.
For the reasons stated, this court finds that the decision of DHS was not clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Accordingly, the decision of the DHS appeals officer is affirmed, and the plaintiff's complaint is denied and dismissed.